UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| GLORIA A. SESAY, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:17-cv-00634 |
| WEDGEWOOD TOWERS, et al., | ) ) ) | JUDGE CRENSHAW |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court are the pro se Complaint (Doc. No. 1) brought pursuant to the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, and an Application to proceed in forma pauperis (Doc. No. 2).

Plaintiff, Gloria Sesay, is a resident of Antioch, Tennessee. According to her Application, Sesay has $1,109.00 in a checking account and owns a motor vehicle. However, her source of monthly income is a disability payment, coupled with food stamps and monthly rent in the amount of $915. From this information, it appears that Plaintiff is unable to pay the fee required to file the Complaint. Therefore, the Application to proceed in forma pauperis is hereby **GRANTED**. 28 U.S.C. § 1915(a).

Because Sesay is proceeding as a pauper, the Court is required to review the Complaint to determine whether it is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2).

Sesay describes herself as a woman of African descent (Sierra Leone) "with a foreign accent." (Doc. No. 1 at 3.) On November 16, 2016, she was evicted from her apartment in the Wedgewood Towers in Nashville. She alleges: "I was evicted because I had filed an identity theft complaint against Wedgewood Towers and Mrs. Patricia Horner, the Manager therefore chose

[sic] to evict me due to the ongoing investigation stating that I was behind in paying my rent." (Id. at 1.) Sesay believes that she was evicted, in part, for her role in organizing a Residents' Association at the Wedgewood Towers. (See id. at 2 ("Horner tried and did everything to hinder the Residents' Association or to get me out. I filed a complaint to HUD and she evicted most of the people that testified on my behalf.").) She further claims that she is a victim of discrimination due to ethnicity, sex, religion and national origin in violation of fair housing rules. (Id. at 3; see also Exhibit 3 to the Complaint.)

The Fair Housing Act was designed to prohibit discrimination in the sale, rental, financing or brokerage of private housing, and to provide federal enforcement procedures for remedying such discrimination. Otero v. N.Y. City Hous. Auth., 484 F.2d 1122, 1133 (2d Cir. 1973). The Act made it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). The Act also made it unlawful "to coerce, intimidate, threaten, or interfere with any person . . . on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605 or 3606 of this title." 42 U.S.C. § 3617.

"An aggrieved person may commence a civil action in [Federal] or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . . to obtain appropriate relief with respect to such discriminatory housing practice or breach." 42 U.S.C. § 3613(a)(1)(A). In this instance, Plaintiff has alleged that she was involved in the organization of a Residents' Association at the Wedgewood Towers and that her eviction is attributable, at least in part, to her efforts in that regard. These allegations are sufficient to state a

colorable claim for relief under the Fair Housing Act. See Linkletter v. W. & S. Fin. Grp., Inc., 851 F.3d 632 (6th Cir. 2017).

Sesay has named Wedgewood Towers, First Cumberland Properties, Ernie Harrell, Trish Greer, Executive Vice President for First Cumberland Properties, and Patricia Horner, Leasing Manager at Wedgewood Towers, as defendants. All of these defendants, with the exception of Ernie Harrell, have been implicated in some fashion as participating in the alleged discrimination. Harrell is not mentioned in the Complaint or the attachments to the Complaint. For that reason, the claims against Ernie Harrell are hereby **DISMISSED**.

**PROCESS SHALL ISSUE** to the remaining defendants. The United States Marshal will serve process on these defendants. 28 U.S.C. § 1915(d). This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Fed. R. Civ. P. 72(b) and the Local Rules of Court.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE